## The Illinois Central Railroad Company

### *v.*

### Frank Harris.

*Filed at Mt. Vernon June 12, 1896.*

1. APPEALS AND ERRORS—*questions not raised below will not be considered.* A question not raised and passed on as a question of law in the trial court cannot be considered in the Supreme Court in a case where only legal questions can be reviewed.

2. SAME—*opinion of Appellate Court not reviewable.* The question as to the amount of damages allowable will not be reviewed by the Supreme Court, on appeal from the Appellate Court, in an action for personal injury, even though the latter court in its opinion may have expressed wrong views as to the basis of damages.

3. INSTRUCTIONS—*party cannot complain of instruction which he in substance asks.* Where instructions are given at the request of both parties embodying the same theory, neither can complain.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. OLIVER A. HARKER, Judge, presiding.

W. W. Barr, and William H. Green, (James Fentress, of counsel,) for appellant.

William A. Schwartz, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court affirming a judgment for appellee, against appellant, on account of injuries received while in its service as a brakeman.

Appellant's claims are stated by counsel as follows: "We are seeking a reversal of the judgment of the Appellate Court on two grounds: First, there is no evidence tending to show negligence by appellant; second, the second and third instructions given for appellee were erroneous."

The first ground stated cannot be considered in this court, for the reason that it was not raised or passed upon as a question of law in the trial court.

The instructions to which objection is urged are as follows:

2. "If the jury believe, from the preponderance of the evidence, that the plaintiff has proven his declaration, or any one count thereof, in manner and form as therein set forth, then your verdict should be for the plaintiff.

3. "If the jury believe, from the evidence, that the defendant did not use reasonable care in providing cars with sound coupling appliances, but used two cars with split and slivered draw-bars and draw-heads, and that the plaintiff, while attempting to make a coupling between two cars, was injured by reason of a defective draw-bar or draw-head attached to said cars, and you further believe, from the evidence, that the plaintiff, in attempting to make such coupling, used reasonable care and caution for his personal safety, you should find defendant guilty."

The objection to the second instruction is, that it submitted to the jury a question of law, and left it to them to determine whether the averments in the declaration constituted a cause of action. The declaration did, in fact, in each count, show a cause of action, and the instruction required the plaintiff to prove the whole declaration or the whole of some count. We think it is not objectionable; and besides, the appellant, by its first instruction, gave the same rule to the jury, and in addition left it to them to determine what were the material allegations of the declaration.

The defect complained of which caused the injury to appellee was a split draw-head, and the defective cars were foreign ones,—not the property of appellant. It is said that appellant did not provide the cars or the coupling appliances, and that the third instruction was inaccurate in that respect, and also in withdrawing from the jury the knowledge of appellant of the condition of the draw-heads. There is no serious objection to the instruction; and here again the appellant procured to be given its seventh instruction upon the same theory, stating the measure of its duty towards an employee in furnishing appliances and machinery. Instructions having been given in both instances on substantially the same theory by both parties, we think that neither should complain.

While it is conceded by counsel that this court cannot consider, on appeal from the Appellate Court, the question of fact whether the damages were excessive, it is contended that the rule should be subject to the qualification that where the decision of the Appellate Court is not based on a legal view of that question this court ought to interfere. It is said that the Appellate Court, in its opinion, held that the amount of money that would be left after appellee had settled with his attorneys and paid the costs and expenses of litigation, including one appeal in which he was defeated, would not be greater than the damages suffered. The law does not allow for ·

attorney's fees or for expenses incident to the recovery; but it has been repeatedly held .that the reasons given by the Appellate Court for a judgment are not the subject of review in· this court, and the fact of such a view having been taken in the opinion would not justify the reversal of the judgment.

The judgment will be affirmed.

*Judgment affirmed.*